## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| INGER "SUE" DUET CARRERE    * | CIVIL ACTION NO. 20-2549 |
| * | |
| VERSUS    * | |
| * | |
| SURGICAL ASSOCIATES, LLC,    * | JUDGE: |
| DAVID A. JANSEN, A MEDICAL    * | |
| CORPORATION, and DR. DAVID    * | |
| A. JANSEN    * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Inger "Sue" Duet Carrere, and files this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## I.    PARTIES

### 1.

Plaintiff, Sue Carrere, is a person of the age of majority, a resident of Terrebonne Parish and citizen of the State of Louisiana.

### 2.

Made Defendant herein is Surgical Associates, LLC, who is a Louisiana limited liability company with its domicile listed at 650 Poydras Street, Suite 2250, New Orleans, Louisiana 70130.

### 3.

Also made Defendant herein is David A. Jansen, A Medical Corporation, who is a Louisiana company with its domicile listed at 227 Hector Avenue, Metairie, Louisiana 70005.

4.

Also made Defendant herein is Dr. David A. Jansen, individually, who upon information and belief is a person of the age of majority, a resident of Jefferson Parish and citizen of the State of Louisiana.

## II.    JURISDICTION AND VENUE

5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the claim at issue herein arises out of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*

6.

Defendants' Louisiana business locations and personal residences are within the Eastern District of Louisiana, and at all times relevant to this Complaint, Defendants were engaged in commerce in the State of Louisiana.

7.

Venue is proper in this District pursuant to 28 U.S.C. §1391, as the actions of Defendants occurred in the Eastern District of Louisiana, Plaintiff and Defendants reside in the Eastern District of Louisiana and the damages to Plaintiff occurred in the Eastern District of Louisiana.

## III.    FACTUAL BACKGROUND

8.

Ms. Carrere initially began her employment with Defendants in January 2008.

9.

Ms. Carrere was hired by Defendant, David A. Jansen, as Dr. Jansen's Patient Coordinator.  Ms. Carrere left in January 2015 and then returned in January 2017.

10.

Ultimately, as a result of office closures/slowdowns due to COVID-19, Ms. Carrere was laid off by Defendants in March 2020.

11.

The terms and conditions of Ms. Carrere's employment were set forth in documentation provided to Ms. Carrere at the beginning of her employment, including a "Surgical Associates, LLC Office Hours and Benefits" document, a "Surgical Associates, LLC Patient Coordinator Duties" document and additional documentation setting forth the duties and benefits of her employment with Defendants.

12.

According to the documentation provided to Ms. Carrere, she was scheduled to work 8:30a.m. to 5:00p.m., Monday, Tuesday, Thursday and Friday, and 1:00p.m. to 5:30p.m. on Wednesday, with one (1) hour for lunch.  However, during the course of her employment, Ms. Carrere's hours often varied from that schedule.

13.

In fact, sometimes Ms. Carrere would see patients by herself on weekends and after hours in Thibodaux for the purpose of providing nursing care, such as suture and drain removals.

14.

Upon information and belief, Ms. Carrere routinely worked more than 7.5 hours per day, more than 40 hours week and rarely was able to take a lunch break.

15.

Ms. Carrere was also required to work "call" time for Defendants.  The call time consisted of being available to answer calls to Defendants' practice after normal working hours.

16.

For part of the time applicable herein, Ms. Carrere was required to work "call" time for Defendants every other month.  The "call" would include taking calls from the time Defendants' office closed in the afternoon until the time Defendants' office opened in the morning, as well as on weekends and holidays.  Later, after Defendants hired additional help, Ms. Carrere was required to work "call" time every third month.

17.

The documentation provided to Ms. Carrere at the beginning of her employment described her duties as a Patient Coordinator to include the following:

* Answer phones and schedule appointments and discuss basics of procedures;
* Prepare for clinic days and assist with patient's (sic) in rooms;
* Quote Patient's Surgical Fees;
* Explain Procedures to patient's (sic)
* Schedule procedures with the hospitals of Surgery Centers;
* Preop patient's (sic) discussing do's (sic) and don't's, (sic) witness and discuss consents;
* Postoperative care – call patient after surgery – make sure they are following directions;
* Follow up on patient's (sic) quoted previously who have not scheduled;
* Precert Insurance, check benefits and eligibility;
* Share on call phone coverage – Wound care during clinic (undress wounds, clean them, then after MD evaluates redress);
* Assist with procedures in the office;
* Perform tasks as needed to assist in the smooth operation of the office.

18.

Additional duties as described in other documentation provided to Ms. Carrere (and descriptions of her duties she was asked to provide) included medical transcription, general secretarial duties, answering phones, updating computer information and keeping accurate

records, checking patients in and out, collecting fees for visits and purchases, filing, ordering office supplies, general office duties and assisting with the upkeep of the office, which included refilling tissue in the bathroom, providing soap when needed, and paper towels.

## IV.   CAUSE OF ACTION

### A.   Fair Labor Standards Act ("FLSA")

19.

Defendants, Surgical Associates, LLC and David A. Jansen, A Medical Corporation (the "corporate Defendants"), upon information and belief, jointly employed Ms. Carrere and/or acted as a joint enterprise/employer with respect to Ms. Carrere, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203(d).

20.

Defendant, Dr. David A. Jansen, in his individual capacity, was also the "employer" of Plaintiff pursuant to the Fair Labor Standards Act, 29 U.S.C. § 203(d), as he controlled the terms and conditions of Ms. Carrere's employment (including the ability to set her hours, set her pay and terminate her employment).

21.

Upon information and belief, Defendants annual sales exceeded $500,000.  In addition, Defendants (and Plaintiff) engaged in and/or are involved in interstate commerce during the performance of their work.

22.

During her employment with Defendants, Ms. Carrere routinely worked more than 40 hours per week, but was not paid overtime by Defendants.

23.

In addition, as noted above, Ms. Carrere was required to work "call" time for Defendants every other month for a period of time, and then every third month after that.

24.

Upon information and belief, Defendants did not keep track of the calls answered by Ms. Carrere (or other employees), or the length of those calls.

25.

Ms. Carrere estimates, however, that she received an average of 3-5 calls per day from patients or hospitals while on "call" time for Defendants.  In many instances, those calls would require Ms. Carrere to makes additional calls to the various doctors employed by Defendants in an effort to resolve the issues raised by the patients or hospitals.  Ultimately, Ms. Carrere estimates that all the calls averaged approximately 2-3 hours per day/night.

26.

While Defendant paid Ms. Carrere a total of $100.88 per month (during 2017 and 2018) and $104 per month (during 2019 and 2020) for the "call" time, that amounted to $3.36/$3.46 per day (assuming an average of 30 days per month).

27.

In almost every week at issue during the months when Ms. Carrere worked "call" time for Defendants, the call time amounted to overtime for that week.

28.

Therefore, for all "call" time worked by Ms. Carrere, she was entitled to be paid overtime.

29.

During her employment with Defendant during the last three (3) years, Ms. Carrere was paid approximately $20.00/hour.

30.

As a result, Ms. Carrere's overtime rate should have been $30.00.

31.

Defendants' practice of refusing to pay overtime for all hours worked over forty (40) hours per week is a knowing and willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

32.

Upon information and belief, Defendants were aware (or should have been aware) that they were required to pay overtime to Ms. Carrere for all hours worked over forty (40) hours per week, but refused to do so.

33.

Pursuant to 29 U.S.C. § 216(b), in addition to the actual wages owed to Ms. Carrere, Defendants are also liable to Ms. Carrere for an additional amount equal to all unpaid wages as liquidated damages.

34.

Furthermore, Defendants are liable for all costs of this action and the payment of Ms. Carrere reasonable attorney's fees, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff prays that Defendants, Surgical Associates, LLC, David A. Jansen, A Medical Corporation and Dr. David A. Jansen (individually), be served with a copy of the Complaint and be cited to appear and answer same and that after due proceedings are had, that judgment be rendered in favor of Plaintiff and against Defendants, in an amount to compensate Plaintiff for all unpaid overtime wages and liquidated damages, to which she is entitled by law, for legal interest on all damages awarded from the date of judicial demand until paid, for the costs of this litigation and reasonable attorney's fees, and for all other such other damages and relief as this Court may deem just and proper.

Respectfully submitted,

**THE DEMMONS LAW FIRM**

s/Larry E. Demmons
**LARRY E. DEMMONS (#24376)**
3201 Ridgelake Drive
Metairie, Louisiana 70002
Telephone: (504)-296-6417
Facsimile (504)-335-0749

**COUNSEL FOR PLAINTIFF,**
**SUE CARRERE**